J-S07033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MIGUEL ANGEL RUIZ, | : | |
| | : | |
| Appellant | : | No. 1276 MDA 2016 |

Appeal from the PCRA Order June 21, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0003468-1991

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED APRIL 13, 2017**

Miguel Angel Ruiz ("Ruiz") appeals, *pro se*, from the Order dismissing his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In September 1991, Ruiz killed a car dealer during a test drive.  On June 23, 1992, Ruiz entered into a negotiated guilty plea to one count each of murder of the first degree, robbery, and criminal conspiracy in exchange for the Commonwealth not seeking the death penalty.  That same day, the trial court imposed an aggregate sentence of life in prison.  Ruiz did not file a direct appeal.

Ruiz previously filed three PCRA Petitions, all of which were denied or dismissed.  On May 16, 2016, Ruiz filed the instant PCRA Petition.  The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice.  Ruiz filed a *pro se* Response.  Thereafter, the PCRA court dismissed Ruiz's

Petition. Ruiz filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any petition "*including a second or subsequent petition*, shall be filled within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Ruiz's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date

the claim could have been presented." *Id.* § 9545(b); *Albrecht*, 994 A.2d at 1094.

Here, Ruiz invokes the newly-recognized constitutional right exception based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Brief for Appellant at 4-18.[1] In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. Ruiz argues that because *Alleyne* renders his sentence illegal, there is no need to determine whether *Alleyne* applies retroactively. *See* Brief for Appellant at 5-6, 7, 13, 15-17, 18.

Initially, based upon our review of the written sentencing Order and the sentencing hearing transcript, the trial court did not impose a mandatory minimum sentence. However, even if the trial court had imposed a mandatory minimum sentence, Ruiz's May 16, 2016 PCRA Petition was filed well over sixty days after June 17, 2013, the date that *Alleyne* was decided.

---

[1] Ruiz cites to various cases from this Court and the Supreme Court of Pennsylvania that held that mandatory minimum sentencing statutes to be unconstitutional based upon the reasoning in *Alleyne*. *See, e.g.,* Brief for Appellant at 4-5, 6, 7-13, 18. However, the rulings in those cases are based solely upon *Alleyne*, and the Courts did not state that those rulings apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (recognizing that "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.").

*See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, the rule established in *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review."); *see also Miller*, 102 A.3d at 995 (stating that while *Alleyne* claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction). Ruiz failed to meet the requirements of the newly-recognized constitutional right exception. Thus, the PCRA court properly dismissed Ruiz's fourth PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

- 4 -